IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BURLINGTON INSURANCE COMPANY**                                                **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION NO. 3:05CV233LN**

**RAM P. PURI, d/b/a Leo's Shopping Place and
KATINA MCCHRISTIAN, individually and
the known and unknown wrongful death
beneficiaries of James Earl McChristian**                                      **DEFENDANTS**

## ORDER

This matter came before the court on the Burlington Insurance Company's Motion to Stay Pending Ruling on Katina McChristian's Motion to Dismiss or in the Alternative to Stay Proceedings. McChristian's Motion is based on the pendency of a state court action, in which she asserts these claims should be litigated. The basis of this Motion is Burlington's contention that permitting discovery to continue in this case could be wasteful if this court determines that these claims should be pursued in state court. McChristian has no objection to this Motion.

The court is compelled to observe, however, that Burlington **opposed** a stay when McChristian requested it. Burlington stated in its response to the Motion to Dismiss or in the Alternative to Stay Proceedings, " To dismiss the declaratory judgment action or to issue a stay would actually be wasteful. Discovery has commenced. The defendants have responded to written discovery." Only after this court refused an earlier request for a thirty day extension did Burlington decide that an indefinite stay was appropriate.

The undersigned rarely grants a stay pending the determination of a dispositive motion, except for the reasons enunciated in Unif. Local R. 16.1(B)(2) and (4) – where a motion to remand has been filed or an immunity defense raised by motion. In other cases where an early dispositive

motion has been filed, movants often seek stays on the basis of their belief that the motion will be granted. However, they are often denied, and the court must contend with a case that has become inactive and stale. Moreover, in this case, it is clear that the issues raised by the Plaintiff will be litigated, either in this court or in state court, and discovery in either venue will not be wasted. However, because the parties all desire a stay in this matter, the court will grant the Motion by moving this case to the next trial calendar and adjusting all deadlines accordingly.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Stay Pending Ruling on Katina McChristian's Motion to Dismiss or in the Alternative to Stay Proceedings is hereby **granted**, and the Case Management Plan Order previously entered in this matter is hereby amended, as follows:

1. The trial of this matter will be held on the trial calendar that begins on August 7, 2006, and ends on August 18, 2006.
2. The pretrial conference will be held on July 17, 2006.
3. Discovery shall be completed by April 7, 2006.
4. The Plaintiff shall designate experts by January 7, 2006.
5. The Defendant shall designate experts by February 7, 2006.
6. The deadline for submitting motions, other than motions *in limine*, is April 21, 2006.

IT IS SO ORDERED, this the 9th day of December, 2005.

                                               S/Alfred G. Nicols, Jr.
                                       UNITED STATES MAGISTRATE JUDGE