UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


THE BURLINGTON INSURANCE COMPANY                           PLAINTIFF


VS.                                        CIVIL ACTION NO. 3:05CV233LN


RAM P. PURI, INDIVIDUALLY,
AND D/B/A LEO'S SHOPPING PLACE,
AND KATINA MCCHRISTIAN ON BEHALF
OF THE KNOWN AND UNKNOWN WRONGFUL
DEATH BENEFICIARIES OF JAMES EARL
MCCHRISTIAN                                                DEFENDANTS


MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendant

Katina McChristian to dismiss or, in the alternative, to stay

proceedings.  Plaintiff The Burlington Insurance Company

(Burlington) has responded in opposition to the motion and the

court, having considered the memoranda of authorities, together

with attachments submitted by the parties, concludes that the

motion should be denied.

     On December 20, 2002, James Earl McChristian was shot and

killed by Antonio Williams on the premises of Singh's Liquor

Store, located in Leo's Shopping Place on Martin Luther King Jr.

Drive in Jackson, Mississippi.  On August 30, 2004, Katina

McChristian filed a wrongful death action in the Circuit Court of

Hinds County, Mississippi, against the owners of Singh's Liquor

Store, Ram P. Puri, Tejinder Singh and Lakbir Singh, contending

that their alleged negligence in failing to provide security for

their premises despite their knowledge that the store was located

in a high crime area and their knowledge that Antonio Williams had

a history of harassing customers on the premises.  At the time of

the incident, Ram Puri and Leo's Shopping Place had in place a

policy of liability insurance issued by Burlington and  made

demand on Burlington for coverage and defense of the McChristian

lawsuit.  Burlington denied coverage in reliance on an exclusion

for assault and battery, following which it filed the present

declaratory judgment action seeking an adjudication that it has no

duty to defend or indemnify under the subject policy.

In her motion to dismiss, Katina McChristian submits that

this court is not an appropriate forum for resolution of the

insurance coverage issue presented, and that the issue is instead

best resolved in the state court action presently pending in Hinds

County Circuit Court.  In support of her position, she notes that

the Mississippi Supreme Court has explicitly held that "if an

insurance company can conduct a declaratory action regarding

coverage prior to resolution of an underlying wrongful death

trial, then the insureds and third party beneficiaries should be

able to raise the coverage question in the underlying lawsuit as

well."  Lewis v. Allstate Ins. Co., 730 So. 2d 65, 71 (Miss.

1999).

> Accordingly, if a question of insurance coverage exists,
> a party should be able to bring the insurer into a

> lawsuit and have the coverage question resolved by the
> judge. . . .   This procedure . . . promotes judicial
> economy by allowing coverage questions to be resolved at
> the same time as the underlying lawsuit.

Id.  Ms. McChristian contends that "a proper vehicle exists for

insurance coverage determination in the underlying state court

action," namely a motion to determine insurance coverage which she

recently filed in her state court action, and that the interests

of the parties and of judicial economy would best be served by

allowing the state court to adjudicate "all issues at the same

time."

In response to Ms. McChristian's motion, Burlington correctly

observes that the fact that the insurance coverage issue is

capable of determination in the state court action does not mean

that this court should itself decline to decide the coverage

issue.  Rather, this court's decision whether to adjudicate a

declaratory judgment action involves three inquiries:  "(1) is it

justiciable; (2) does the court have the authority to grant such

relief; and (3) should it exercise its discretion to decide the

action based on the factors stated in St. Paul Insurance Co. v.

Trejo, 39 F.3d 585 (5th Cir. 1994)."  AXA RE Property & Casualty

Ins. Co. v. Day, 162 Fed. Appx. 316, at 2 (Jan. 11, 2006) (citing

Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir.

2000)).[1]  The Fifth Circuit elaborated on these factors in AXA,

explaining as follows.

First, a declaratory judgment action is justiciable if "'it

can presently be litigated and decided and is not hypothetical,

conjectural, conditional or based upon the possibility of a

factual situation that may never develop,'" id. (citations

omitted), a requirement that is clearly satisfied here.  Second,

> "a district court may not consider the merits of the
> declaratory judgment action when 1) a declaratory
> defendant has previously filed a cause of action in
> state court against the declaratory plaintiff, 2) the
> state case involves the same issues as those involved in
> the federal case, and 3) the district court is
> prohibited from enjoining the state proceedings under
> the Anti-Injunction Act."

Id. at 3 (quoting Travelers Ins. Co. v. La. Farm Bureau Fed'n,

Inc., 996 F.2d 774, 776 (5th Cir. 1993) (emphasis in original).

Here, although Ms. McChristian has filed a motion to determine

insurance coverage in which she purports to have raised the

coverage question involved in this action, neither she nor any

other party has made Burlington a defendant in the state court

action.  See id. (finding first part of second Orix step satisfied

where subject insurer/declaratory plaintiff was never made a

defendant in the state court action).  Moreover, inasmuch as

---

[1]     Similar to this case, AXA involved a wrongful death
action that had been filed in Louisiana state court against an AXA
insured prior to AXA's federal declaratory judgment action.  The
Mississippi district court declined to abstain, and the Fifth
Circuit affirmed that decision.

4

Burlington is not a party to the state court action, the coverage

issue presented herein cannot be decided in that action and the

Anti-Injunction Act is no bar to relief in this court.  See id.

(finding that Anti-Injunction Act did not bar relief because there

was neither a state court action against the declaratory plaintiff

nor a state court action involving the same issues as the

declaratory action).

    As for the third Orix step, the seven nonexclusive Trejo

factors which must be considered in determining whether the court

should exercise its discretion to decide a declaratory action,

are:

> 1) whether there is a pending state action in which all
> of the matters in controversy may be fully litigated, 2)
> whether the plaintiff filed suit in anticipation of a
> lawsuit filed by the defendant, 3) whether the plaintiff
> engaged in forum shopping in bringing the suit, 4)
> whether possible inequities in allowing the declaratory
> plaintiff to gain precedence in time or to change forums
> exist, 5) whether the federal court is a convenient
> forum for the parties and witnesses, . . . 6) whether
> retaining the lawsuit in federal court would serve the
> purposes of judicial economy . . . and [7)] whether the
> federal court is being called on to construe a state
> judicial decree involving the same parties and entered
> by the court before whom the parallel state suit between
> the same parties is pending.

Trejo, 39 F.3d at 590-91.

    Since Burlington is not a party to the pending state court

action, "no pending state action exists where all the matters in

controversy could be fully litigated."  AXA, 162 Fed. Appx. at 4.

Moreover, Burlington did not file this action in anticipation of a

suit against it but rather in response to the McChristian suit against it, <u>see</u> <u>id</u>. (making same finding on similar facts), and Burlington "has not engaged in improper forum shopping merely by filing a declaratory action in federal court availing itself of diversity jurisdiction," <u>id</u>.  Further, because the issue of insurance coverage was not broached in the state court action before this declaratory action was filed (and even when it was, Burlington was not made a party), Burlington "did not inequitably gain precedence in time or change a previously selected forum for the declaration it sought."  <u>Id</u>.  As for the fifth factor, this forum is obviously equally convenient as it is merely a federal court in the same location as the state court.  In addition, because Burlington is not a party to the state court action and thus the coverage issue cannot be determined in that action, "judicial economy is not contravened by retaining the action" in this court "because no other proceeding is able to consider the coverage dispute."  <u>Id</u>.  Finally, this court is not being called upon to construe a state court decree involving the same parties as herein; again, Burlington is not a party to the state court action.  <u>Id</u>.

For these reasons, therefore, it is ordered that Ms. McChristian's motion to dismiss is denied.

SO ORDERED this 20th day of April, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE


6